*274
 
 Ruffin, C. J.
 

 The defendant, being sued in an action assumpsit, and having pleaded the general issue and given notice of set off, set up Uvo claims on the trial, of which claimed the benefit as deductions from the plaintiff’s demand. The demand of the plaintiff arose thus : Barnard, his intestate, was the surety for Jordan, the defendant’s intestate, and after Jordan’s death judgment was obtained for the debt against Barnard, on which execution was issued and levied, and the sheriff sold thereon after the death of Barnard, and before the plaintiff administered. For the sum thus paid, this action is brought by the plaintiff as administrator of Barnard against Pool as administrator of Jordan. The demands of the defendant arose thus: One of them is a note for $90, given by Barnard to Jordan in their life-times, and duo before this action was brought; and the other is a debt which Barnard contracted with Pool, after the death of Jordan, for the price of certain goods that had belonged to Jordan and were sold by Pool. His Honor thought that the defendant was entitled to a deduction for neither of those claims, and there were a verdict and judgment for the plaintiff for the whole of his demand, and the defendant appealed.
 

 In the words of Baron Fortescue in
 
 Shipman
 
 v
 
 Thompson,
 
 Willis’ Rep. 103, the court is not to consider the convenience or inconvenience on one side or the other in cases like this, but must go according to the act; and if the statute has not remedied all the inconveniences, we must yet take it as- i-t is, and cannot extend it farther. Now the act of 1756, e. 57, s. 7, “ for preventing multip'icity of law suits,” says that “ where there are mutual debts subsisting between the plaintiff and defendant, or if
 
 either parly site or he sited as-executor
 
 or administrator, where there are mutual debts subsisting between the testator or intestate and either party, one debt may be set against the other.” Upon this statute it has been held repeatedly, that if an executor sue on a cause cf action, which arose wholly in his own time, he may sue in his own name, without calling himself executor, and, therefore, the defendant in such action cannot set off therein a demand due to him from the testator. The leading case on this point is that of
 
 Shipman
 
 v
 
 Thompson
 
 just cited, but there
 
 *275
 
 are mauy others in confirmation of it. The decision is founded on the words of the act, that the parties, when ecutors or administrators, must sue and be sued in their representative characters. When, therefore, the action is for a sale by the executor himself, or for money received for him, he declares without naming himself executor, inasmuch as there had arisen no duty to the testator. And if, in such case, the executor in fact declare as executor, it makes no difference ; for that is but surplusage, and if he fail in the action he shall pay costs.
 
 Jenkinson
 
 v Plombe, Salk. 207. 6 Mod. 92, 181.
 
 Goldthwayte v
 
 Petrie, 5 Term Rep. 234.
 
 Ballard
 
 v Spencer, 7 Term Rep. 358. But besides the language of the statute, its policy also forbids its extension, so as to change the course of administration; and for that reason, likewise, the courts have held that a debt of the testator cannot be set off against one contracted with the executor, since the executor may need the money to answer debts of higher dignity.
 
 Tegetwayer
 
 v
 
 Lumley,
 
 Willes 264. Note by Mr. Durnford. These positions, if well founded, make it clear, we think, that the note for $90 is a proper deduction in this action. The plaintiff here has not only named himself administrator, but he could not sue without thus naming himself, as the money was raised on a judgment and execution in the time of his intestate, and before administration granted to the plaintiff,
 
 Curry
 
 v
 
 Stephenson, Car
 
 th. 335 ; and for that sum of $90 this defendant could not sue but as administrator. That debt, then, is due to and from the parties respectively in the same representative character, in which the one claims and the other owes the debt for which the plaintiff sues.
 

 But we think it is otherwise with respect to the sum of $768 20 due for the goods sold by the defendant himself to Barnard. For that debt the present defendant may declare in his own name, as has just been shewn ; and, for the purposes of set off, it is considered a debt to himself, to all intents, according to the cases. Indeed the counsel admitted, that if this defendant had sued Barnard for this sum, he, Barnard, could not have set off the debt for which this suit is brought; because the sum which Pool would be then
 
 *276
 
 seeking1 to recover would be a debt due to himself. Yet it is contended, that when Pool is sued as administrator, he may set off this debt to himself. We entertain a contrary opinion. & seems very clearly to us,1 that if the debts be not within the act, when one of the parties is plaintiff and the other defendant, they do not become so by reversing the parties. The statute was not designed to alter the law, so as to affect rights or .change their character, but simply to prevent the multiplicity of suits, by allowing that to be done in one action, that before required two. If, when Pool should sue Barnard, the latter could not set off the demand now in suit, neither when Barnard becomes plaintiff could Pool set off the debt to himself; for the debts must be “ mutual,” and the right of set off is necessarily “ mutual.” Then it is very clear, that, if Barnard himself could not use his demand as a set off, his administrator, it sued, could not; and it follows, that, when he is plaintiff, the demand of Pool cannot defeat his action. Pool cannot have a right of set off against a debt, which the plaintiff can only recover as administrator, when sued by the plaintiff, unless he could have used the same set off, if the intestate, Barnard, had himself brought the suit. The distinction, we think, is this.: that if
 
 both
 
 parties
 
 must
 
 sue and be sued in their representative characters, then debts respectively due in those characters may be set against each other ; but when
 
 one
 
 of the parties
 
 must
 
 sue or be sued in his representative character and the
 
 other may
 
 sue or be sued without naming him executor, then the debts, as being due in different rights, cannot be set against each other.
 

 As the judgment was, in our opinion, erroneous with respect to the sum of $90 and interest, it must for that reason be reversed, and a
 
 venire d.e novo
 
 awarded.'
 

 Per. Curiam. Judgment reversed and
 
 venire de
 
 raoro awarded.